CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUN 12 2006
JOHN F. CORCORAN, CLERK
BY: /s/ H. McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GARVIN HERNANDEZ OWENSBY, ) | |
| Plaintiff, ) | Civil Action No. 7:06cv00347 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| DOCTOR OFAGH, et al., ) | By: Hon. Jackson L. Kiser |
| Defendants. ) | Senior United States District Judge |

Plaintiff Garvin Hernandez Owensby, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Owensby alleges that the defendants failed to provide him with adequate medical care or shoes in violation of the Eighth Amendment. Owensby seeks "to take the defendants to court" and further medical treatment in a hospital. Upon review of the record, I conclude that the plaintiff has not stated a claim upon which relief can be granted and, therefore, dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

I.

Owensby alleges that on May 23, 2006, at 1:00 p.m. he made a request to be seen by the institutional physician for pain and swelling in his left knee. Owensby was examined by defendant, Dr. Ofagh at 1:15 p.m. the same day, but at that time Dr. Ofagh determined that Owensby had merely strained his knee, which did not necessitate further treatment, prescribed him a pain reliever, and

---

[1] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted.

Dockets.Justia.com

directed him to refrain from participating in physical activities. Owensby then claims that on May 25, 2006, a "hold" developed in his knee, which when pressed, leaked puss. Again, Owensby complained to medical staff and was examined by Dr. Ofagh the same day. Dr. Ofagh prescribed additional medication to treat the infection and Owensby was moved to the medical unit for continued treatment. However, Owensby believes his knee is not healing properly and that he should be transferred to a hospital for further treatment.

Owensby also complains that prior to his incarceration he was shot in the ankle and needs high top tennis shoes. Although he concedes that he has been approved to have "personal shoes," he complains he does not have the funds to purchase those shoes because the jail is charging him room and board, thus he must wear standard prison issue shoes. Accordingly, the court construes his complaint to suggest that he should be provided with "personal shoes" at no cost because he is already being assessed a daily room and board fee.

## II.

In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to evince that the defendants had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); see also, Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). A claim regarding a disagreement between an inmate and medical personnel over diagnosis or course of treatment and allegations of malpractice or negligence in treatment do not state cognizable constitutional claims under the Eighth Amendment.

Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Estelle, 429 U.S. at 105-06. Additionally, an inmate is not entitled to unqualified access to health care, rather the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977). Though Owensby complains that institutional staff have provided him with inadequate care for his knee and refuse to transfer him to the hospital for further treatment, he admits that he was examined and treated by medical staff within fifteen minutes of his first complaint of injury, was extensively examined and prescribed additional medication the same day he complained his condition was deteriorating, and was subsequently moved to the institutional medical unit for continuing treatment. Thus, it is clear he has received prompt, thorough, and continuing treatment for his injury. Accordingly, although he may be dissatisfied with Dr. Ofogh's diagnosis method or prescribed treatment plan, this amounts to nothing more than a disagreement between medical staff and an inmate as to proper diagnostic methods and a course of treatment, which are not actionable under the Eighth Amendment.

Additionally, to the extent that Owensby believes that the institutional physician or other medical staff have failed to recognize or treat his medical needs, such disagreement does not rise to the level of a federal constitutional violation. Rather, such a claim would arise, if at all, under state medical malpractice laws and does not present a colorable claim under § 1983. See Estelle, supra, at 105-106.

### III.

Likewise, Owensby's claims concerning his shoes must be dismissed as frivolous. To state a claim of constitutional significance regarding prison conditions, a plaintiff must allege, among

other things, facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993). Mere allegations of inadequate shoes, absent any suggestion of deleterious effects, fails to state a claim under the Eighth Amendment. Ashann-Ra v. Commonwealth of Virginia, et al., 112 F.Supp. 2d 559, 563 (W.D.Va. Aug. 22, 2000)(holding that absent evidence of "serious physical injury" mere allegations that institutional employees failed to provide an inmate with properly fitting shoes failed to state a claim of constitutional magnitude). Owensby does not allege that he has suffered any injurious effects as a result of the allegedly inadequate shoes he now wears because he is unable to afford to purchase high top tennis shoes. Thus, he has failed to present a claim of constitutional magnitude.

Moreover, although Owensby complains he will have to pay for his shoes if he declines to wear the standard issue shoes and instead orders high top tennis shoes, the court finds that the jail has a reasonable interest in defraying the costs of incarceration, which may include charging inmates for personal items and other expenses incurred by the jail in housing inmates. Therefore, such allegations fail to raise a claim of constitutional magnitude. See Slade v. Hampton Road Regional Jail, 407 F.3d 243, 251-53 (4th Cir. 2005)(holding that the imposition of an $1.00 per day room and board charge does not amount to a "punishment or fine" nor does the automatic deduction of this fee from an inmate's trust fund account constitute an unconstitutional interference with a property interest); Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 419 (3rd Cir. 2000)(finding that charging inmates for toiletries, stamps, and extra blankets does not raise an Eighth Amendment claim).

## III.

Based on the foregoing, I find that Owensby has not presented any claims that constitute a violation of his constitutional rights. Therefore, I dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

**ENTER**: This 12th day of June, 2006.

Senior United States District Judge